Aiken *v.* Deal.

The judgment below is therefore reversed at the costs of the appellee.

*Judgment reversed.*

## Aiken *v.* Deal.

*Motion to set aside a default, and vacate a judgment, in the Peoria Circuit Court.*

The Supreme Court will not, on motion, set aside a default, and vacate a judgment of a Circuit Court.

At this term of the Court came Joshua Aiken and filed his affidavit, stating that on or about the 25th day of August, 1834, a suit was instituted against him in the Peoria Circuit Court, by Philip G. Deal. That affiant understood and believed that the suit was commenced by Compher and Deal, of which firm Philip G. Deal was a partner, and with which firm he had had dealings, and against whom he had a set-off. That affiant never had any transactions with Deal individually, and owed him nothing. That the affiant left the State, on business, before the session of the April term of the Court, 1835, to which the summons in said suit was returnable, and did not return until after said term had passed. That he employed an attorney residing at Peoria, to attend to his defence in the suit of Compher and Deal against him, but the said attorney, in consequence of the mistake in the title of the cause, or for some other reason unknown to the affiant, neglected to attend to his defence. That before affiant left, he filed a statement of his set-off against Compher and Deal, with the clerk of the Peoria Circuit Court, and made affidavit of its correctness. That at the said April term of said Court, a judgment was rendered by default against him in said cause of Deal against him, for $239,83½. That Compher and Deal are insolvent. That an injunction had been granted, staying the proceedings on said judgment; but, owing to some informality in the bond, said injunction had been dissolved by the Peoria Circuit Court. That affiant was indebted to Compher and Deal in the sum of $28,79½, upon the same account upon which judgment was recovered by Deal, and no more; and that said judgment is unjust, except for the sum of $28,79½; and moved the Court to set aside the default in said cause, and vacate said judgment in the Peoria Circuit Court.

E. Southwick, for the applicant:

1. The defendant in the Court below has been guilty of no *laches*, and has acted *bona fide*.

2. The defendant has lost his remedy or redress by appeal, in consequence of not having it in his power to comply with the requisition of the statute in relation to appeals.

3. The defendant's remedy is ineffectual against the firm of Compher and Deal, in consequence of their insolvency.

4. The general equity of the case, the defendant having lost his opportunity for a set-off in the Court below.

5. The Court has an equity jurisdiction where a defence has not been made in the Court at law.    Hughes *v.* McConn, 3 Bibb 254.

6. A motion in a superior court, founded on an affidavit, to set aside a judgment by default in the court below, is not informal. Cogswell *v.* Vanderburgh, 1 Caines, taken from 2 Johns. Dig. 97.

7. Nothing shall be intended to be out of the jurisdiction of a superior court, which does not expressly appear to be so.    1. Saund. 74, Peacock *v.* Bell and Kendall.

*Per Curiam :*

The motion is denied.

*Motion denied.*